

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Andre L. Clemmons,

                    Plaintiff,

          -Vs-

Albany County District Attorney Office
Mr. Steven M. Sharp, Assistant D.A.
Ms. Tracy Steeves, Assistant A.G.
Mr. Barry Kaufman, Assistant A.G.

                    Defendants.

INMATE CIVIL RIGHTS
COMPLAINT PURSUANT
TO 42 U.S.C.§ 1983

Case No._____

1:16-W-884

Plaintiff in the above-captioned action, alleges as follows:

## JURISDICTION

(1) This is a civil action seeking relief and / or damages to defend and protect the rights guaranteed by the Constitutional of the United States. This action is brought pursuant to 42 U.S.C.§ 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C.§§ 1331, 1343 (3) and (4) and 2201.

## PARTIES

(2) Plaintiff: Andre L. Clemmons, 03-A-5959

     Adress: Sullivan Correctional Facility
             325 Riverside Drive
             P.O.Box 116
             Fallsburg, New York 12733

(3)a. Defendant: The Albany County D.A. Office

     Official Position: Municipal

     Address: Albany County District Attorney Office
              Albany County judicial Center
              Albany, New York 12207

 b. Defendant: Mr. Steven M. Sharp

(1)

Official Position: Assistant District Attorney

Address: Albany County District Attorney Office
Albany County Judicial Center
Albany, New York 12207

c. Defendant: Ms. Tracy Steeves

Official Position: Assistant Attorney General

Address: One Civic Center Plaza-Suite 401
Poughkeepsie, New York 12601

d. Defendant: Mr. Barry Kaufman

Assistant Attorney General

Address: One Civic Center Plaza-Suite 401
Poughkeepsie, New York 12601

(4) Place of present confinement is Sullivan Correctional Facility, 324 Riverside Drive, P.O.Box 116, Fallsburg, New York 12733

(5) Plaintiff have never filed any previous lawsuit in the Federal or State Courts relating to my imprisonment.

## FACTS OF THE CASE

(6) The Albany County District Attorney Office was deliberate indifference in failure to train or supervise its employees in fulfilling their **Brady-Rosario** obligation; and also, failing to train its employees not to commit or use perjurious information to secure a defendants conviction; which result that assistant district attorneys suppressed evidence impeaching its principal witnesses-evidence against plaintiff, which denied plaintiff his due process and constitutional rights and proximately caused his wrongful conviction.

The Albany County District  Attorney Office , also failed to discipline, sanction or fired its employees whom was guilty of these same violations in the past.

(2)

Additionally, the Albany County District Attorney Office had engaged in fraud, deceit and trickery in that, in order to secure a seal order from a Albany County Supreme Court Judge, the District Attorney Office intentionally presented all the cell phone records and other **Brady-Rosario** material utilized against the plaintiff at his trial, as if these records and other materials was protected medical records, therefore, the Court should order these documents sealed, to which, the Court did. This doing by the District Attorney Office was not only fraud upon the Court, but was clearly in violation of the plaintiff's Due Process and Constitutional Rights to access to **Brady-Rosario** materials used partially against him at his trial under the 8th and 14th amendment.

## CLAIM AGAINST STEVEN M. SHARP

(7) On or about December 2, 2011, plaintiff through counsel Elizabeth Delahunty, filed a Order to Show Cause upon the Albany County Supreme Court, requesting that the respondent provide the plaintiff with the Grand Jury Minutes in relation to indictment number **2-7366**, handed down on March 1, 2002, and for all **cell phone records** in the respondent's possession-files.

Plaintiff through counsel, further explained the importance of obtaining these documents-records; that, during the trial testimony of a key prosecutor witness, Ms. kayla Autry, questions was asked of her regarding her cellular phone service at the time of the incident the plaintiff was charged for, which was on the date of February 27, 2002. Ms. Autry testified that her cellular phone was not in service on that date as her service did not work beyond the Maryland border and she was in New York on the date in question. Plaintiff refutes this testimony

(3)

by Ms. Autry, and states that her testimony was false because, both plaintiff's and Ms. Autry's phone records would prove that we was both on the phones talking at or around the time of the alleged incident.

(8) Plaintiff through counsel also explained in her submitted Order to Show Cause that, it has been recently discovered that Ms. Autry's cellular phone records as well as the plaintiff's cellular phone records were not fully disclosed to the plaintiff or his attorney at the time of trial; and as such, it is most imperative that plaintiff receive all **unredacted cellular phone records** in order to effectively argue a 440.10 motion based on newly discovered evidence.

(9) Plaintiff through counsel, further explained the importance of retrieving a copy of the plaintiff's Grand Jury Minutes, due to the fact that, after viewing a small portion of the grand jury minutes that was turned over by the D.A.'s Officer, after trial plaintiff notice that there was conflicting testimony that could have been used at trial to the plaintiff's advantage-benefit.

Despite these detailed and specific requests, assistant district attorney Steven M. Sharp, in his response dated January 25, 2012 to plaintiff's submitted Order to Show Cause, refuses to comply with the plaintiff's demand and stated; "First, the people are under no obligation to provide defendant with his own cell phone records. With respect to Kayla Autry's cell phone records, it is unclear what the defendant is asking the people to turnover nor are the people required to turn over cell phone records which do not constitute **Brady** material." Mr. Sharp was in err to believe that the people are under on obligation to provide the plaintiff with records and evidence that was used against plaintiff at his trial, and then thereafter was submitted

(4)

against him into evidence.

It is well settled law that, it is not for the Assistant District Attorney to decide what constitute Brady material or not, therefore, all these requested records and documents should have been turned over to defense counsel and the plaintiff, for them to so determine the importance of such records and documents.

Therefore, by assistant district attorney Mr. Sharp to withheld these important records and documents from the plaintiff, seriously prejudice the plaintiff and violated his Due Process and Constitutional Rights under the 8th and 14th Amendment. (see, **Skinner V. Switzer**, 562 U.S. 521, 131 S.Ct. 1289), (the Supreme Court eventually dismiss the plaintiff's motion).

## CLAIM AGAINST TRACY STEEVES

(10) On or about June 7, 2013, plaintiff again submitted another pro se Order to Show Cause in the Sullivan County Supreme Court, requesting that the requested records and documents be un-sealed after finding out through a prior submitted F.O.I.L. request and the assistant of a private investigator (Keith J. Christiansen) that their was an Court Order in place that so-ordered the requested records and documents sealed. In response to said pro se submitted Order to Show Cause, assistant district attorney Ms. Tracy Steeves, objected to the unsealing of the requested records and documents, and in turn, asked the Court to dismiss plaintiff's submission as untimely. This action by Ms. Steeves, in denying the plaintiff access to the requested records and documents, clearly violated the plaintiff's Due Process and Constitutional Rights under the 8th and 14 Amendment, in result, prejudice the plaintiff and denied him access to the Court. (See,

McKithen V. Brown, 481 F.3d 89, 102 (2d Cir. 2007); (Caswell V. Green, 424 Fed. Appx. 44), (the Supreme Court eventually dismiss the plaintiff's motion).

### CLAIM AGAINST BARRY KAUFMAN

(11) Plaintiff on or around December 5, 2013, submitted a motion to **Renew** and **Reargue** and to **Vacate** the order denying and dismissing plaintiff's prior Article-78 Petition. On or about January 24, 2014, assistant district attorney Barry Haufman submitted an opposition to the plaintiff's above mention motion to re-argue. In said affirmation in opposition by Barry Kaufman, this attorney objected to the plaintiff obtaining the requested records and documents used against him at his trial, records and documents that the Albany County District Attorney Office is obligated to turn over to the plaintiff upon his request, because they are considered **Brady-Rosario** material, and they are critical records and documents that the plaintiff need in order to submit and effectively argued his anticipated 440.10 motion.

By this assistant district attorney Barry Haufman opposing and denying the plaintiff access to these important records and documents, clearly violated the plaintiff's Due Process and Constitutional Rights under the 8th and 14 Amendment, in denying the plaintiff actual access to the Courts. (See, **Wilkinson V. Dotson**, 544 U.S. 74, 81-82, 125 S.Ct. 1242) (the Sullivan County Court eventually denied and dismissed plaintiff's submitted motion).

(12) Plaintiff demand a trial by Judge.

### PRAYER FOR RELIEF

(13) **WHEREFORE**, plaintiff request that this Honorable Court grant

(6)

the following relief:

(1) That the Supreme Court's Judgment denying plaintiff's CPL § 440.10 Motion be reopened and an evidentiary hearing ordered to determine the facts herein.

(2) A declaratory judgment that plaintiff is entitled to access to the following documentary evidence:

a. A redacted copy of plaintiff's Grand Jury Minutes under Indictment # 2-7366 limiting disclosure to all testimony linking plaintiff to the crime.

b. All unredacted cellular phone records included but not limited to witness Ms. Kayla Autry and the plaintiff's.

c. That the order by the Albany Supreme Court Judge to sealed said requested phone records and or evidence be lifted-unsealed, and that all requested records and documents be turned over to the plaintiff.

d. A preliminary and permanent injunction requiring all of the defendants to produce all the foregoing evidence-documents to the plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July *13* 2016

Respectfully Submitted,

*Andre L. Clemmons*

Andre Clemmons, Pro Se
Sullivan Corr. Fac.
325 Riverside Drive
P.O.Box 116
Fallsburg, N.Y. 12733

(7)