UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
ANDRE L. CLEMMONS,

                                   Plaintiff,

           v.                                                       1:16-CV-884
                                                                          (TJM/CFH)

ALBANY COUNTY DISTRICT ATTORNEY'S
OFFICE, et al.,

                                   Defendants.
----------------------------------------------------------------

**APPEARANCES:**                                       **OF COUNSEL:**

ANDRE L. CLEMMONS
03-A-5959
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Andre L. Clemmons, purportedly pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). Plaintiff has not paid the filing fee in this action, and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

## I. IFP

Turning to plaintiff's IFP application, after reviewing the information provided therein, the Court finds that plaintiff may properly proceed with this matter IFP. Dkt. No.

2.[1]

## II. Initial Review[2]

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

### B. Complaint

Liberally read, plaintiff seeks to sue (1) the Albany County District Attorney's Office ("DA"), (2) Assistant District Attorney ("ADA") Steven M. Sharp; (3) Assistant Attorney General ("AAG") Tracy Steeves; and (4) Assistant Attorney General ("AAG") Barry Kaufman.  Compl. at 1-2.  Plaintiff alleges that the DA's Office

> was deliberate [sic] indifference in failure to train or
> supervise its employees in fulfilling their Brady-Rosario
> obligation; and also, failing to train its employees not to

---

[1] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[2] Any unpublished decisions cited to herein are provided to plaintiff with his copy of the Report-Recommendation and Order.

2

> commit or use perjurious information to secure a defendants
> [sic] conviction; which result [sic] that assistant district
> attorneys suppressed evidence impeaching its principal
> witness-evidence against plaintiff, which denied plaintiff his
> due process and constitutional rights and proximately
> caused his wrongful conviction.

Id. at 2. Plaintiff further argues that the DA's Office also failed to discipline, sanction or fired [sic] its employees whom [sic] was guilty of these same violations in the past." Id. Finally, plaintiff argues that the DA's Office

> had engaged in fraud, deceit and trickery in that, in order to
> secure a seal order from a [sic] Albany County Supreme
> Court Judge, the District Attorney [sic] Office intentionally
> presented all the cell phone records and other Brady-
> Rosario material utilized against the plaintiff at his trial, as if
> these records and other materials was [sic] protected
> medical records, therefore, the Court should order these
> documents sealed, to which, the Court did. This doing by
> the District Attorney [sic] Office was not only fraud upon the
> Court, but was clearly in violation of the plaintiff's Due
> Process and Constitutional Rights to access to Brady-
> Rosario materials used partially against him at his trial under
> the 8th and 14th amendment.

Id. at 2-3.

As to his claims against ADA Sharp, plaintiff contends that Sharp improperly denied plaintiff access to unredacted cell phone records and Grand Jury Minutes relating to indictment number 2-7366, which was handed down on March 1, 2002. Compl. at 3-5. Plaintiff argues that ADA Sharp's withholding of the records and minutes "seriously prejudice [sic] the plaintiff and violated his Due Process and Constitutional Rights under the 8th and 14th Amendment." Id. at 4.

Plaintiff contends that AAG Steeves improperly objected to his June 2013 Order to Show Cause filed in Sullivan County Supreme Court which requested that certain

3

records and documents related to his underlying criminal trial be unsealed. Compl. at 5. Plaintiff contends that Steeves' denial of such records "clearly violated plaintiff's Due Process and Constitutional Rights under the 8th and 14th Amendment [sic], in result, prejudice [sic] the plaintiff and denied him access to the Court." Id.

Plaintiff provides that AAG Kaufman opposed plaintiff's December 2013 "motion to Renew and Reargue and to Vacate the order denying and dismissing plaintiff's prior Article-78 Petition." Compl. at 6. Plaintiff contends that AAG Kaufman's "opposing and denying the plaintiff access to these important records and documents, clearly violated the plaintiff's Due Process and Constitutional Rights under the 8th and 14th Amendment [sic], in denying the plaintiff actual access to the Courts." Id.

Plaintiff requests that the following relief:

> (1) "That the Supreme Court's Judgment denying plaintiff's
> CPL § 440.10 Motion be reopened and an evidentiary
> hearing ordered to determine the facts herein.
> (2) A declaratory judgment that plaintiff is entitled to access
> to the following documentary evidence:
> a. A redacted copy of plaintiff's Grand Jury Minutes under
> Indictment # 2-7366 limiting disclosure to all testimony
> linking plaintiff to the crime.
> b. All unredacted cellular phone records included but not
> limited to witness Ms. Kayla Autry and the plaintiff's.
> c. That the order by the Albany Supreme Court Judge to
> sealed [sic] said requested phone records and or evidence
> be lifted-unsealed, and that all requested records and documents be turned over to t
> d. A preliminary and permanent injunction requiring all of the
> defendants to produce all the foregoing evidence-documents to the
> plaintiff.

Compl. at 7.

### C. Initial Review

Liberally construing plaintiff's complaint, it appears that he is alleging constitutional violations in connection with (1) his underlying conviction insofar as he contends that certain Brady/Rosario materials were improperly withheld; as well as (2) evidentiary rulings in various state court proceedings in Sullivan County Supreme Court and Albany County Supreme Court, and in his underlying motion pursuant to New York Criminal Procedure Law § 440.10. See Compl.[3] Plaintiff contends that the denial of Brady and/or Rosario material violated his right of access to the courts, his Fourteenth Amendment right to due process, and amounted to violations of the Eighth Amendment.[4]

An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).[5]

The Supreme Court in Heck v. Humphry has directed

> when a state prisoner seeks damages in a Section 1983
> suit, the district court must consider whether a judgment in

---

[3] Although it would seem that these rulings would ultimately be determined by the Court, plaintiff names as defendants the various ADAs and AAGs. See Compl.

[4] Plaintiff's complaint fails to explain how the alleged Brady or Rosario violations violated his Eighth Amendment right to be free from cruel and unusual punishment. See Compl.

[5] Plaintiff's writ for habeas corpus relief was denied by this Court in October 2011 relating to this underlying conviction. Clemmons v. Artus, 9:09-CV-213 (GTS).

5

> favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been evaluated.

Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999). The fact that plaintiff is seeking injunctive and declaratory, rather than monetary relief, does not require a different finding. Loyd v. Cuomo, 8:14-CV-829 (GLS/CFH), 2015 WL 3637409, at *2 (N.D.N.Y. June 10, 2015) ("[T]he Supreme Court has explained that the Heck rule applies 'no matter the relief sought (damages or equitable relief).'") (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) and citing Caswell v. Green, 424 F. App'x 44, 45 (2d Cir. 2011)).

Here, although plaintiff couches these claims in the terms of failure to train and denial of due process and access to the courts, his underlying claims indicate that the DA/ADAs' alleged failures to provide these materials impacted his underlying conviction. The Second Circuit in Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999) rejected a similar argument to plaintiff's. There, the plaintiff argued that Heck did not bar his claim that "his right to meaningful court access has been denied by the withholding of exculpatory evidence." Id. The Second Circuit noted that "this claim sounds under Brady v. Maryland . . . and therefore does indeed call into question the validity of his conviction. Accordingly, it is barred by Heck." Id. The Second Circuit has pointed out that the "Supreme Court . . . recently established that 'Brady is the wrong framework' to apply in assessing a convicted defendant's right to access exculpatory evidence." Seri v. Bochicchio, 374 F. App'x 114, 117 (2d Cir. 2010) (quoting Dist. Attorney's Office for the Third Judicial Dist. v. Osburne, ___ U.S. ___, 129 S.Ct. 2308 (2009)). Accordingly, the undersigned finds this case law supports dismissal

6

of plaintiff's claims as barred by Heck.

In light of plaintiff's pro se status, an opportunity to amend generally would be recommended prior to outright dismissal. However, in this instance, Heck bars any of these claims unless or until the invalidation of plaintiff's sentence. Based on what the undersigned can gather from plaintiff's complaint, this has yet to happen; therefore, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to re-plead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Although the undersigned does not recommend that plaintiff be given an opportunity to amend his complaint in connection with this proceeding, it is recommended that the dismissal be without prejudice, "because the suit may be reinstated should plaintiff's conviction be expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Amaker, 179 F.3d at 52 (quoting Heck, 512 U.S. at 487).

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application (Dkt. No. 2) is granted; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED in its**

**entirety, without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 26 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is

**ORDERED**, that the Clerk of the Court serve plaintiff a copy of this Report-Recommendation and Order in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: August 25, 2016
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge