**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

ANDRE L. CLEMMONS,

        Plaintiff,

  v.                                          1:16-cv-884 (TJM/CFH)

ALBANY COUNTY DISTRICT ATTORNEY'S
OFFICE, STEVEN M. SHARP, TRACY STEEVES,
and BARRY KAUFMAN,

        Defendants.

**Thomas J. McAvoy, D.J.**

### DECISION and ORDER

The Court referred this civil rights action, brought pursuant to 42 U.S.C. § 1983, to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 72.3(d) of the Local Rules of the Northern District of New York. Plaintiff alleges that Defendants infringed his rights by failing to produce and failing to permit Plaintiff's inspection of certain records related to his criminal trial and conviction.

The Report-Recommendation, dated August 25, 2016, gave the Complaint, which Plaintiff brought *in forma pauperis*, an initial screening pursuant to 28 U.S.C. § 1915(e). After reviewing the Complaint, Magistrate Judge Hummel recommended that the Court dismiss the action without prejudice. Magistrate Judge Hummel found that Plaintiff's Complaint constituted an attempt to use a civil-rights claim to undermine his conviction,

and were thus barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Heck rule applied even though Plaintiff did not seek monetary damages in the matter.

Plaintiff filed objections to the Report and Recommendation. When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendations of Magistrate Judge Hummel for the reasons stated in the Report-Recommendation. The Court will, however, add an additional ground for dismissing the Complaint. Among the relief requested by Plaintiff is a judgment from this Court reopening a decision by the New York Supreme Court which denied Plaintiff's motion to vacate a judgment pursuant to NY CPL § 440.10. To the extent that Plaintiff seeks to have the Court overturn a state-court decision on the motion to vacate, the action is barred by the Rooker-Feldman doctrine, which holds that the Court lacks jurisdiction to hear "'cases brought by state-court losers . . . inviting district court review and rejection of the [state court's] judgments.'" Skinner v. Switzer, 562 U.S. 521, 532 (2011) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). Rooker-Feldman applies when "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the sate

2

judgment was rendered before the district court proceedings commenced." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014). Section 1983 is not a means to overturn the findings of a state court.

Accordingly:

Plaintiff's objections to the Report-Recommendation, dkt. # 5, are hereby **OVERRULED**. The Report-Recommendation, dkt. # 4, is hereby adopted. The case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: September 29, 2016

Thomas J. McAvoy
Senior, U.S. District Judge